UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GLENN MYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:18-cv-547 (AJT/TCB) |
| | ) |
| URIAH KENNEDY, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on Plaintiff's Motion to Lead and Amend the Complaint (Dkt. 28). In relevant part, Plaintiff seeks leave to amend his complaint to add Spine Smith Inc. as an entirely new defendant to this action. For the reasons stated below, the undersigned U.S. Magistrate Judge recommends that Plaintiff's Motion to Lead and Amend the Complaint be DENIED IN PART insofar as it seeks to add Spine Smith Inc. as a new defendant.

I. BACKGROUND

Glenn Myer ("Plaintiff"), proceeding pro se, filed a complaint on May 8, 2018, which he then amended on May 14, 2018. The allegations in Plaintiff's amended complaint all seem to stem from a dispute over the validity of an agreement with Uriah Kennedy in which Plaintiff purportedly agreed to sell products by Gentox Medical Services in the D.C. Metro Area. (Am. Compl. at 5, 8.) These allegations are relevant to Spine Smith Inc., which Plaintiff seeks to add as a defendant, as Plaintiff asserts that Spine Smith Inc. owns Celling Biosciences. (Pl.'s Mem. Supp. at 2.) Plaintiff alleges that he initially contacted Celling Biosciences to begin proper training on a specific product after his professional and contractual relationship with Mr.

1

Kennedy began to deteriorate. (Am. Compl. at 11). Plaintiff alleges that he had various communications with Matt Riddle, the Director of Distributor Accounts for Celling Biosciences, who Plaintiff alleges eventually hired Plaintiff to attend a medical convention and continue a study. (Am. Compl. at 12, 14-15.) Plaintiff alleges that Mr. Riddle then informed Plaintiff that Mr. Kennedy had threatened to sue Celling Biosciences and enforce a non-compete clause against Plaintiff if Mr. Riddle hired Plaintiff for employment with Celling Biosciences. (Am. Compl. at 15.) Plaintiff alleges that Mr. Riddle believed that the non-complete clause was enforceable and stopped talking to Plaintiff as a result. (Am. Compl. at 15.) However, Plaintiff alleges that the document containing the non-complete clause was forged, and that Mr. Riddle is now conspiring with Mr. Kennedy to deprive Plaintiff's rights through fraud and forgery. (Am. Compl. at 15.) Overall, liberally construed, Plaintiff has alleged claims against Celling Biosciences, and therefore its alleged owner Spine Smith Inc., for (1) fraud; (2) conspiracy to commit fraud; (3) breach of contract; (4) tortious interference; and (5) a violation of constitutional rights.

## II. LEGAL STANDARD

A party may amend a pleading, such as a complaint, pursuant to Federal Rule of Civil Procedure 15. A party may only amend a pleading as a matter of course once. FED. R. CIV. P. 15(a)(1). If not amending as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). When a court considers granting leave, it "should freely give leave when justice so requires." Id. The Supreme Court has noted that the mandate to freely give leave to amend is to be "is to be heeded," but also that various reasons to deny leave to amend exist and that "the grant or denial of an opportunity to amend is within the discretion of the District Court." Foman v. Davis, 371 U.S. 178, 182

(1962). The Fourth Circuit has long recognized three reasons that justify a district court denying leave to amend: prejudice to the nonmovant, bad faith by the movant, or futility. See Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) (stating that the Supreme Court's Foman opinion embodies "a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend").

With regards to futility as a reason to deny leave to amend, an amendment is futile when it fails to state a claim. United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). To state a claim, a plaintiff must established "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court reviewing for the stating of a claim must "take the facts in the light most favorable to the plaintiff," but it "need not accept legal conclusions drawn from those facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

A district court is to liberally construe pleadings by pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, "[p]rinciples requiring generous construction of pro se complaints are not … without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). While a pro se litigant cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." Id. at 1276.

### III. ANALYSIS

Plaintiff has already amended his complaint once as a matter of course, and therefore, the amendment must be allowed "only with the opposing party's written consent or the court's

3

leave." FED. R. CIV. P. 15(a)(2). Neither Spine Smith Inc. nor any other opposing party has provided written consent for Plaintiff's proposed amendment, and so the Court must determine whether it is appropriate to grant leave for Plaintiff to amend his complaint to add Spine Smith Inc. as a defendant. Of note, Plaintiff has not requested to add any new allegations to his complaint, and instead is merely seeking to add Spine Smith Inc. as a defendant that is liable for the actions of Celling Biosciences. (Pl.s' Mem. Supp. at 1-2.) In its Order of July 10, 2018 (Dkt. 52) (hereinafter "July 10th Order"), this Court dismissed Celling Biosciences and its employee Mr. Riddle from this action due to Plaintiff's failure to state a claim against Celling Biosciences and Mr. Riddle.

As explained in turn below, despite the liberal construction of Plaintiff's pleadings, the Court determines each potentional claim that that Plaintiff seeks to assert against Spine Smith Inc. fails to state a claim and is futile. Therefore, the Court determines that it is not appropriate to grant Plaintiff leave to amend his complaint to add Spine Smith Inc. as a defendant.

### 1. Fraud and Conspiracy to Commit Fraud

To state a claim of fraud under Virginia law, a plaintiff must allege: (1) a false representation; (2) of material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the party misled; and (6) resultant damage to the party. Graham v. RRR, LLC, 202 F. Supp. 2d 483, 491 (E.D. Va. 2002). The heightened pleading standards of Rule 9(b), which require a pleading be made with particularity, apply to claims of fraud. Nahigian v. Juno Loudoun, LLC, 684 F. Supp. 2d 731, 741 (E.D. Va. 2010).

Plaintiff has failed to state a claim of fraud and conspiracy to commit fraud against Spine Smith Inc. Plaintiff has failed to plead facts sufficient to support that a claims of fraud or conspiracy to commit fraud, as Plaintiff has failed to allege all elements required to state such

4

claims, including a failure to allege any plausible facts that support Spine Smith Inc. providing a misrepresentation of any kind. To the extent that Spine Smith Inc. is liable for the allegations against Celling Biosciences or Mr. Riddle, the Court has already determined that the allegations against Celling Biosciences and Mr. Riddle likewise fail to state a claim for fraud or conspiracy to commit fraud. (July 10th Order at 3-4.) Accordingly, granting leave for Plaintiff to assert a fraud or conspiracy to commit fraud claim against Spine Smith Inc. would be futile.

### 2. Breach of Contract

To state a claim for breach of contract under Virginia law, a plaintiff must allege "(1) a legal obligation of a defendant to the plaintiff, (2) a violation or breach of that right or duty, and (3) a consequential injury or damage to the plaintiff." Albanese v. WCI Communities, Inc., 530 F. Supp. 2d 752, 760 (E.D. Va. 2007) (quoting Westminster Investing Corp. v. Lamps Unlimited, Inc., 379 S.E.2d 316, 317 (Va. 1989)).

Plaintiff has failed to state a claim of breach of contract against Spine Smith Inc. Plaintiff has failed to plead facts sufficient to support that a contractual agreement had been created between himself and Spine Smith Inc. Plaintiff has also failed to plead facts sufficient to support that Spine Smith Inc. violated or breached any contractual obligation. To the extent that Spine Smith Inc. is liable for the allegations against Celling Biosciences or Mr. Riddle, the Court has already determined that the allegations against Celling Biosciences and Mr. Riddle likewise fail to state a claim for breach of contract. (July 10th Order at 4.) Accordingly, granting leave for Plaintiff to assert a breach of contract claim against Spine Smith Inc. would be futile.

### 3. Tortious Interference

To state a claim for tortious interference with contract under Virginia law, a plaintiff must allege (1) the existence of a business relationship or expectancy with a probability of future

5

economic benefit; (2) the defendant's knowledge of the relationship or expectancy; (3) reasonable certainty that, absent the defendant's intentional misconduct, the plaintiff would have continued the relationship and/or realized the expectancy; (4) the defendant's intentional interference including the loss of the relationship or expectancy; (5) the defendant's interference was done by improper methods; and (6) resulting damages. Duggins v. Adams, 360 S.E.2d 832, 835-36 (Va. 1987). Improper methods include independent illegal torts and generally improper conduct, such as misrepresentation. Id. at 836-37. For tortious interference with business expectancy, a competitive relationship must exist between the plaintiff and the defendant. 17th Street Assocs., LLP v. Markel Int'l Ins. Co., 373 F. Supp. 2d 584, 600 (E.D. Va. 2006),

Plaintiff has failed to state a claim of either type of tortious interference against Spine Smith Inc. Plaintiff has failed to plead facts sufficient to support that a claim of tortious interference with either a contract or a business expectancy, as Plaintiff has failed to allege all elements required to state such a claim, including a failure to allege any plausible facts that support Spine Smith Inc. engaging in any improper methods. To the extent that Spine Smith Inc. is liable for the allegations against Celling Biosciences or Mr. Riddle, the Court has already determined that the allegations against Celling Biosciences and Mr. Riddle likewise fail to state a claim for tortious interference. (July 10th Order at 5.) Accordingly, granting leave for Plaintiff to assert a tortious interference claim against Spine Smith Inc. would be futile.

### 4. Violation of Constitutional Rights

To state a claim for a violation of constitutional rights, the vehicle for such an action must be under 42 U.S.C. § 1983 or be pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Such actions require a defendant to act under the color of state law or federal law. See West v. Atkins, 487 U.S. 42, 48 (1988) (stating that 42 U.S.C. § 1983 claims require a

6

defendant to have acted under color of state law); Goldstein v. Moatz, 364 F.3d 204, 210 n.8 (4th Cir. 2004) (stating that Bivens claims require a defendant to have acted under color of federal law).

Plaintiff has failed to state a claim of a violation of constitutional rights against Spine Smith Inc. Plaintiff has failed to plead facts sufficient to support that Spine Smith Inc. had, at any point, acted under color of either state or federal law. To the extent that Spine Smith Inc. is liable for the allegations against Celling Biosciences or Mr. Riddle, the Court has already determined that the allegations against Celling Biosciences and Mr. Riddle likewise fail to state a claim for a violation of constitutional rights due to neither Celling Biosciences or Mr. Riddle being alleged to have acted under color of state or federal law. (July 10th Order at 5-6.) Accordingly, granting leave for Plaintiff to assert a claim of constitutional violations against Spine Smith Inc. would be futile.

## IV. RECOMMENDATION

For the reasons outline above, the undersigned U.S. Magistrate Judge recommends that Plaintiff's Motion to Lead and Amend the Complaint (Dkt. 28) be DENIED IN PART insofar as it seeks to add Spine Smith Inc. as a new defendant.

## NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

July 16, 2018
Alexandria, Virginia